Jx_GRISBAUM, Judge.
This appeal relates to the trial court’s denial of a Motion and Order for Expungement. We set aside and remand.

ISSUE

We are called upon to determine whether a felony charge matter is ripe for expungement when the charges have been dismissed but prior to the prescriptive period taking its course.

BASIC RECORD FACTS AND PROCEDURAL HISTORY

On November 21, 1994, the District Attorney for the Parish of Jefferson filed a bill of information against the appellant, B.P.C., charging him with criminal damage to property in violation of La.R.S. 14:56. Following full restitution to the victim, the appellant’s ex-girlfriend, the district attorney dismissed the charge on December 11,1995.
|2On May 30, 1996, appellant, through counsel, filed a Motion and Order for Ex-pungement, asking that the record of his arrest in this matter be expunged. The Jefferson Parish Sheriffs Office, the arresting agency, was ordered to show cause on July 17, 1996 why the Motion to Expunge the record of the appellant should not be granted.
The matter was set for hearing on July 17, 1996, at which time no representative of the *179 Sheriff’s Office made an appearance or sent any written objection to appellant’s motion. The trial judge denied the appellant’s motion.
It is from this judgment that an appeal is now taken.

LAW AND ARGUMENT

We see the appropriate statutory law is contained in La.R.S. 44:9, which, in pertinent part, states:
B. (1) Any person who has been arrested for the violation of a felony offense or who has been arrested for a violation of R.S. 14:34.2, R.S. 14:34.3, or R.S. 14:37 may make a written motion to the district court for the parish in which he was arrested for the expungement of the arrest record if:
(a) The district attorney declines to prosecute, or the prosecution has been instituted, and such proceedings 'have been finally disposed of by acquittal, dismissal, or sustaining a motion to quash; and
(b) The record of arrest and prosecution for the offense is without substantial probative value as a prior act for any subsequent prosecution.
(2) If, after a contradictory hearing with the district attorney and the arresting law enforcement agency, the court finds that the mover is entitled to the relief sought for the above reasons, it shall order all law enforcement agencies to expunge the record of the same in accordance herewith. However, nothing in this Paragraph shall limit or impede the authority under law to consider prior arrests or convictions in pursuing prosecution under multiple offender provisions or impede the investigation of any law enforcement official seeking to ascertain or conform the qualifications of any person for any privilege or license authorized by law.
C. (1) Any person who has been arrested for the violation of a state statute which is classified as a felony may make a written motion to the district court for the parish in which he was arrested for ex-pungement of the |8arrest record if the time limitation for the institution of prosecution on the offense has expired, and no prosecution has been instituted.
(2) If, after a contradictory hearing with the arresting agency, the court finds that the mover is entitled to the relief sought for any of the above reasons, it shall order all law enforcement agencies to expunge same in accordance herewith. However, the arresting agency may preserve the name and address of the person arrested and the facts of the case for investigative purposes only.
(Footnote omitted.)
Importantly, we see the trial judge stated, “I’m going to deny your motion because ... the prescriptive period in which to file the prosecution has not run....” Apparently, the trial judge relied on Section (C) of La. R.S. 44:9, which requires the time limitation for the institution of prosecution on the offense to have expired. We disagree.
Upon a careful reading of Section (C) of the statute in question, it becomes abundantly clear that that Section only applies to those situations in which no prosecution has been initiated, which is clearly not the factual scenario herein presented. Ergo, Section (C) is not applicable.
The applicable provision of La.R.S. 44:9 is Section (B), which requires two elements to be proven before a record can be expunged: (1) that the proceedings have been fully disposed of by acquittal, dismissal, or sustaining a motion to quash and (2) that the arrest and prosecution for the offense are without substantial probative value as a prior act for any subsequent prosecution.
The first element is clearly met, as the record amply demonstrates that the district attorney dismissed the charges against the defendant herein. However, the second element was never addressed by the trial court. Accordingly, we set aside the trial court’s judgment, which denied the appellant’s Motion to Expunge, and we remand the matter for further proceedings consistent with the views expressed herein.
|4For the reasons assigned, the denial of the Order for Expungement dated July 17, 1996 is hereby set aside and the matter is remanded.

SET ASIDE AND REMANDED.